**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

|  |  |
|---|---|
| Robert A. Gossett, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:06-123-CWH |
| ) | |
| vs. ) | |
| ) | |
| Porsche Cars North America, Inc., ) | **ORDER** |
| America, Inc.; United Auto Group, Inc., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendants HBL, LLC ("HBL"), Patrick R. Driscoll ("Driscoll"), Robert S. Penske, Jr. ("Penske"), and United Auto Group's ("UAG's") motion for attorney's fees.

The plaintiff bought a Porsche on Ebay from HBL. The plaintiff sued the defendants in this Court claiming that the car is defective. On April 10, 2006, the Court dismissed defendants HBL and Patrick Driscoll for lack of personal jurisdiction. On May 11, 2006, the Court dismissed defendant Penske for lack of personal jurisdiction, granted UAG's motion to compel arbitration pursuant to the parties' agreement, and stayed the action pending arbitration.

In the United States, parties are ordinarily required to bear their own attorney's fees, and the prevailing party is not entitled to collect from the loser. Aleyska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). In the absence of case law or a statutory or contractual provision otherwise, this American Rule must apply. Amer. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 320 (4th Cir. 2003)(*citing* Aleyska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. at 247). In this case, the defendants premise their motion for attorney's fees on

language in the parties' agreement, which provides:

> ATTORNEY'S FEES: In the event any party to this invoice shall commence legal proceedings against another to enforce the terms hereof or to declare rights hereunder, as the result of a breach of any provision of this invoice, the prevailing party in any such proceeding shall be entitled to recover from the losing party its costs of suit, including reasonable attorney's fees, as may be fixed by the Court.

The defendants argue that they are entitled to attorney's fees under this contractual provision because the plaintiff breached the agreement by filing suit in this Court instead of submitting his grievances to arbitration. This argument is without merit. The parties did not agree that a breaching party must pay attorney's fees. Instead, the parties agreed that the prevailing party is entitled to recover attorney's fees. The plaintiff argues that the defendants are not entitled to attorney's fees because the defendants are not prevailing parties.

The agreement does not define the term "prevailing party." In general, in interpreting the language of a contract, such language must be given its usual meaning, and the words used must be taken and understood in their plain, ordinary, and popular sense. F.D.I.C. v. Prince George Corp., 58 F.3d 1041, 1046 (4th Cir. 1995). This rule does not apply, however, where technical language is used, or where the context requires another meaning. Fryar v. Currin, 312 S.E.2d 16, 18 (S.C. Ct. App. 1984). A term with a technical legal meaning is given its legal meaning. Helena Chem. Co. v. Allianz Underwriters Ins. Co., 594 S.E.2d 455, 457 (S.C. 2004). The term "prevailing party" is a legal term of art defined as 'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . [a]lso termed successful party." Black's Law Dictionary, 1145 (8th ed. 2004); *see also* Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001). A prevailing party must not prevail on all issues but must succeed on a significant issue that is fundamental to the case and

establish his entitlement to relief on the merits of his claims.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); *see also* Hygienics Direct Co. v. Medline Indus., Inc., 33 Fed. Appx. 621, 625 (3d Cir. 2002).

This Court dismissed defendants HBL, Driscoll, and Penske for lack of personal jurisdiction.  Because this Court did not reach a determination on the merits of the plaintiff's claims against these parties and did not render a decision on those claims, the Court does not find that the defendants HBL, Driscoll, and Penske are prevailing parties.  *See* Betco, Inc. v. Jemison Demsey, LLC, 2005 WL 3071069 (W.D.N.C. 2005)(holding that a defendant cannot be considered a prevailing party when a complaint is dismissed for lack of jurisdiction because the defendant has not prevailed over the plaintiff on any issue that is fundamental to the action (*citing* Hygienics Direct Co. v. Medline Indus., Inc., 33 Fed. Appx. 621, 625 (3d Cir. 2002)).  The plaintiff remains free to file his claims in Virginia and may or may not prevail on those claims in that forum.  Therefore, the motion for attorney's fees with respect to defendants HBL, Driscoll, and Penske is denied.

On May 11, 2006, this Court granted UAG's motion to compel arbitration pursuant to the parties' agreement and stayed the proceedings.  9 U.S.C. §§3, 4.  This order was interlocutory.  9 U.S.C. §16(b)(1),(2).  An interlocutory award of attorney's fees is proper only where a party prevails by establishing his entitlement to relief on the merits of his claims.  Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. at 604.  The Court's May 11, 2006 order was not an order on the merits and does not render UAG a prevailing party.

In addition, UAG has not shown its entitlement to relief on the merits of this action and has not succeeded on an issue that is significant or fundamental to this case.  Orders which courts

have found insufficient to render a party prevailing include: an order reversing dismissal for failure to state a claim, Hewitt v. Helms, 482 U.S. 755, 760 (1987); a preliminary injunction (although it involved an inquiry on the merits of the claim), Smythe v. Rivero, 282 F.3d 268, 276-77 (4th Cir. 2002); and an order declaring the plaintiff's claim moot, Goldstein v. Moatz, 445 F.3d 747, 752 (4th Cir. 2006).  Like UAG, the parties in these cases did not sufficiently establish their entitlement to relief on the merits of their claims.  Such successes are not "the stuff of which legal victories are made."  Hewitt v. Helms, 482 U.S. at 760.  Accordingly, UAG is not a prevailing party, and its motion for attorney's fees is denied.

**AND IT IS SO ORDERED.**

                                                                              **C . WESTON HOUCK**
                                                                              **UNITED STATES DISTRICT JUDGE**

October 19, 2006
Charleston, South Carolina